HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN DAVID MONTOYA-CRUZ, | CASE NO. 2:26-cv-00318-RAJ |
| Petitioner, | ORDER |
| v. | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT FIELD OFFICE DIRECTOR, | |
| Respondent. | |

## I.    INTRODUCTION

THIS MATTER comes before the Court on Petitioner Kevin Montoya-Cruz's Petition for Habeas Corpus. Dkt. # 3. The Court has reviewed the petition, the submissions in support of and in opposition to the petition, and the balance of the record. For the reasons set forth below, the Court **DENIES** Mr. Montoya-Cruz's petition **WITHOUT PREJUDICE**. Respondent's Motion for Relief from Deadline is **DENIED** as moot. Dkt. # 7.

## II.    BACKGROUND

Respondent states that Petitioner is a citizen of El Salvador who entered the United States at an unknown date. Dkt. # 10 at 2; Dkt. # 11 ¶ 3; Dkt. # 12-1. Petitioner was arrested by the Denton County Police Department in Dallas, Texas and was charged with

ORDER – 1

Possession of Controlled Substances.  Dkt. # 11 ¶ 4; Dkt. # 12-1.  On the same day, after becoming aware of Petitioner's arrest, immigration officers issued a Warrant for Arrest of Alien for Petitioner pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i).  Dkt. # 10 at 2; Dkt. # 11 ¶ 4; Dkt. # 12-2.  On October 1, 2025, Petitioner was transferred to the custody of United States Immigration and Customs Enforcement ("ICE") and taken to the ICE Enforcement Removal and Operations ("ERO") Dallas Field Office for processing.  Dkt. # 10 at 2; Dkt. # 11 ¶ 5.  Petitioner was issued a Notice to Appear ("NTA") charging him as inadmissible under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), and INA § 212(a)(7)()A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I).  Dkt. # 10 at 2; Dkt. # 11 ¶ 5; Dkt. # 12-3.  Petitioner was ultimately transferred to the Northwest ICE Processing Center ("NWIPC") on October 11, 2025.  Dkt. # 10 at 2; Dkt. # 11 ¶ 6.

On November 3, 2025, November 18, 2025, December 2, 2025, December 18, 2025, and January 8. 2026, Petitioner appeared at removal proceedings before an Immigration Judge ("IJ").  Dkt. # 10 at 2; Dkt. # 11 ¶ 7.  On December 18, 2025, Petitioner filed an Application for Cancellation of Removal and Adjustment of Status, and on January 8, 2026, Petitioner filed applications for asylum, withholding of removal under the INA, and withholding under the Convention Against Torture ("CAT").  Dkt. # 10 at 2; Dkt. # 11 ¶ 7. On January 26, 2026, the IJ denied these petitions and ordered Petitioner removed to El Salvador.  Dkt. # 10 at 3; Dkt. # 11 ¶ 8; Dkt. # 12-4.  Petitioner reserved his right to appeal and was subject to a deadline to appeal by February 25, 2026.  Dkt. # 10 at 3; Dkt. # 11 ¶ 8. On March 6 and 11, 2026, Petitioner informed ERO that he filed a timely appeal with the BIA.  Dkt. # 10 at 3; Dkt. # 11 ¶¶ 10–11.  However, Respondent indicates that, "[w]hile records indicate that Petitioner filed two appeals with the BIA on February 12, 2026, and March 3, 2026, both appeals were rejected for his failure to pay filing fees."  Dkt. # 10 at 3; Dkt. # 11 ¶ 9.  Respondent filed a Notice of Intent to Remove on March 23, 2026.  Dkt. # 13.  On March 30, 2026, pursuant to this Court's Order dated March 27, 2026,

ORDER – 2

Respondent filed a status report indicating that the ERO spoke with the BIA on March 18, 2026, and that "the BIA informed ERO that there are no pending appeals or stays for Petitioner." Dkt. ## 14, 15.

### III.  LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a).  The district courts' habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  A petitioner may seek habeas relief by showing that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).  The petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

### IV.  DISCUSSION

The INA governs the detention and release of non-citizens during and after their removal proceedings.  Despite characterizing Petitioner as having "entered the United States without inspection or parole at an unknown place and on an unknown date," Respondent represents that Petitioner is an as an "arriving alien" and argues that his current detention is pursuant to 8 U.S.C. § 1225(b)(2).  Dkt. # 10 at 2, 4.  Respondent appears to acknowledge that this argument conflicts with applicable law in this District.  *See id.* at 4–5 (citing *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025)).  However, the Court need not resolve this issue to adjudicate the Petition, because the record demonstrates that Petitioner's order of removal became final after he failed to timely appeal the IJ's decision to the BIA within the applicable deadlines.  Dkt. # 15; *see* 8 C.F.R. §§ 1003.38(b)(1), (d) (2025).

Accordingly, Petitioner is currently detained pursuant to 8 U.S.C. § 1231(a), which takes effect upon the entry of a final order of removal and continues for another ninety days. Detention during this 90-day "removal period" is mandatory under the INA, and the Ninth Circuit has determined that this statutorily mandated period of detention "passes

ORDER – 3

constitutional scrutiny." *Khotesouvan v. Morones*, 386 F.3d 1299, 1300–01 (9th Cir. 2004) (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).  Accordingly, Petitioner is not entitled to federal habeas relief at this time.  *See Atkinson v. Dep't of Homeland Sec.*, No. 2:25-CV-00484-JHC-GJL, 2025 WL 1737017, at *4 (W.D. Wash. June 6, 2025), *report and recommendation adopted*, No. 2:25-CV-00484-JHC-GJL, 2025 WL 1736596 (W.D. Wash. June 23, 2025) ("Petitioner is not entitled to federal habeas relief from his mandatory detention during the removal period.").

## V.   CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus **WITHOUT PREJUDICE**.  Dkt. # 3.  Respondent's Motion for Relief from Deadline is **DENIED** as moot.  Dkt. # 7.

DATED this 30th day of March, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4